UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONNIE MCDONALD #162028,

        Plaintiff,

                                 File No. 2:08-CV-21

v.

                                 HON. ROBERT HOLMES BELL

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON ALTERNATE GROUNDS

On April 10, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Ronnie McDonald's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted. Plaintiff filed objections to the R&R. (Dkt. No. 10.) Plaintiff also filed a motion to amend the complaint. (Dkt. No. 11.)

This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R recommends dismissal of Plaintiff's complaint because the complaint fails

to state a claim on which relief can be granted.  For the reasons discussed in this opinion, the R&R shall be adopted on grounds other than those stated in the R&R, and Plaintiff's complaint shall be dismissed.

## I.

Plaintiff is a state prisoner that filed an action pursuant 42 U.S.C. § 1983 alleging violation of his due process rights.  Plaintiff alleges that he was placed in solitary confinement after a misconduct hearing.  Plaintiff claims that the procedures required for the misconduct hearing were not followed, thereby violating his right to procedural due process.  Specifically, Plaintiff alleges that his misconduct hearing was held one day after the required time limit for holding a misconduct hearing.

According to the Michigan Department of Corrections Policy Directives ("P.D."):

A major misconduct hearing shall be conducted within seven business days after the prisoner receives written notice of the misconduct charge except as follows:

1. If a hearing investigator is assigned, in which case the hearing shall be conducted within 14 business days; however, if the prisoner is confined to segregation or placed on toplock pending the hearing, the hearing must be conducted within seven business days after such confinement, unless the prisoner is released from confinement before that time period expires.

P.D. 03.03.105 (Jan. 1, 2007).  According to Plaintiff's complaint, and the attached exhibits, two prison officials that have been named as Defendants filed separate misconduct reports regarding Plaintiff's activities on November 1, 2006.  A misconduct hearing was held on November 13, 2006, and Plaintiff was assigned to sixty days of disciplinary detention beginning on November 14, 2006.  Though it appears from the evidence submitted by

2

Plaintiff that Plaintiff was already in administrative segregation at the time of the misconduct, Plaintiff alleges that he was held in "temporary segregation" until the time of his misconduct hearing. Plaintiff alleges that the misconduct hearing on November 13, 2006 was held eight business days after he received notice of the charges. Plaintiff also alleges that he was held in solitary confinement for five months and twenty-seven days following the misconduct hearing. Plaintiff seeks relief in the form of damages.

## II.

1. Habeas Corpus Exception to Section 1983 Actions

Actions brought pursuant to 42 U.S.C. § 1983 that challenge the "validity or duration of a prisoner's confinement" are subject to the exhaustion requirements of habeas corpus actions under 28 U.S.C. § 2254, and are barred to the extent that those requirements have not been fulfilled. *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). Under Michigan law, a prisoner loses good time credits for the month of a major misconduct disciplinary conviction, Mich. Comp. Laws § 800.33. Thus, a section 1983 challenge to such a conviction is a challenge to the validity or duration of the prisoner's confinement and may be subject to the bar recognized in *Heck*. *See Muhammed v. Close*, 540 U.S. 749, 754-55 (2004) (recognizing that section 1983 challenges to prison disciplinary proceedings may be barred by *Heck* where such proceedings affect good time credits). Plaintiff has not shown that his disciplinary convictions have been invalidated or his good time credits restored; thus, his claims may be subject to the *Heck* bar. *Muhammed*, 540 U.S. at 750 (holding that if a section 1983 action

3

questions the validity of conviction or the duration of sentence "the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence").   In the R&R, the Magistrate Judge recommended dismissal for failure to state a claim on which relief can be granted, reasoning that Plaintiff's due process claim is barred because it is one that "necessarily impl[ies] the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

Plaintiff objects to the R&R, in part, because he seeks a claim for damages, which he contends is cognizable under section 1983 because it does not challenge the validity of his conviction, citing *Wolff v. McDonnell*, 418 U.S. 539 (1973).  In *Wolff*, the Supreme Court held that the plaintiff could continue a section 1983 action pursuing *damages* for loss of good time credits even though the plaintiff was barred by the habeas corpus exception to section 1983 actions from seeking an *injunction* to restore good time credits.  *Id.* at 555.  However, the Supreme Court has since clarified that the nature of the relief (*i.e.*, damages or injunction) is not solely what determines whether an action is barred; rather the relevant consideration is whether "the *nature of the challenge* to the procedures could be such as necessarily to imply the invalidity of the judgment . . . ." *Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (emphasis added).  In *Edwards*, the Supreme Court distinguished due process claims merely alleging improper procedures, and due process claims necessarily implying that the resulting ruling was wrong as a substantive matter:

> Respondent, in his amended complaint, limited his request to damages for depriving him of good-time credits without due process, not for depriving him of good-

4

> credits undeservedly as a substantive matter.  That is to say, his claim posited that the
> procedures were wrong, but not necessarily that the result was. The distinction
> between these two sorts of claims is clearly established in our case law, as is the
> plaintiff's entitlement to recover at least nominal damages under § 1983 if he proves
> the former one without also proving the latter one.

*Edwards*, 520 U.S. at 645.  In the instant case, Plaintiff challenges the fact that the hearing

was not held in a timely manner in accordance with the applicable policy directives.  *See* P.D.

03.03.105 (requiring a misconduct hearing within seven business days of segregation).

However, Plaintiff does not challenge the determination made at the misconduct hearing, or

any procedural aspects of the hearing bearing specifically on that determination.   For

instance, Plaintiff does not allege deceit or bias on the part of the decision-maker, as the

prisoner alleged in *Edwards*.  *Id.* at 648.  Nor does Plaintiff allege that the delay in any way

affected the result of the proceedings.  In short, Plaintiff's claim that there was a delay in the

disciplinary hearing that led to judgment against him does not "necessarily imply the

invalidity of the judgment." *Id.* at 645.  Thus, Plaintiff's section 1983 due process claim

related to the delay in the misconduct hearing is not subject to the habeas corpus exception.

　　2. Due Process Claims

　　　　To state a claim for violation of due process under section 1983, Plaintiff must invoke

a federally protected liberty interest.  Reading Plaintiff's *pro se* complaint indulgently in

accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court discerns two possible

liberty interests raised by Plaintiff's complaint: (1) an interest in being free from

administrative or "temporary" segregation while awaiting a misconduct hearing, and (2) an

interest in being free from disciplinary segregation or solitary confinement.  Under either formulation, Plaintiff fails to state a claim for which relief can be granted.

Plaintiff alleges that he was held in administrative segregation pending a hearing for one day longer than what was allowed by Michigan prison regulations.  The Court notes at the outset that it is not clear from the facts alleged in Plaintiff's complaint, including the exhibits to the complaint submitted by Plaintiff, whether the hearing was, in fact, held outside the time period required by the policy directives.  Plaintiff alleges that the hearing was held eight business days after he received notice of the charges.  The directives do not require a hearing until fourteen business days after notice of the charges if a hearing investigator is assigned.  P.D. 03.03.105.  The misconduct hearing report submitted by Plaintiff indicates that a hearing investigator was involved; however, there is an exception to the 14-day rule if the prisoner is placed in segregation or "toplock" pending the hearing.  In such cases, the hearing must be held within seven business days of confinement unless the prisoner is released.  *Id.*  Plaintiff alleges that he was held in temporary segregation, but does not state when his temporary confinement began.

Accepting Plaintiff's allegations as true, a violation of state prison regulations does not necessarily implicate a federal liberty interest; a prisoner's liberty interests are limited to freedom from restraints that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Connor*, 515 U.S. 472, 484 (1995).  Plaintiff alleges that he was placed in temporary segregation pending the hearing.

6

Placement in administrative segregation has been found, in many cases, not to constitute an "atypical and significant hardship" in relation to "the ordinary incidents of prison life." *See Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (under the circumstances, a delay of 117 days before returning an inmate to the general prison population does not impose an atypical and significant hardship); *Bennett v. Smith*, No. 03-2346, 110 F. App'x 633, 634 (6th Cir. Sept. 17, 2004) (placement in administrative segregation for sixty-eight days does not constitute an atypical and significant hardship); *Bean v. McQuiggin*, No. 2:07-cv-113, 2008 WL 4151351 at *4 (W.D. Mich. Sept. 2, 2008) (collecting cases). Plaintiff does not allege any facts suggesting that his temporary segregation was an "atypical and significant hardship." *See Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) ("An inmate who makes a due process challenge to his segregated confinement "must make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'") (quoting *Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000)). Plaintiff's claim that he was held for one additional day in segregation beyond the requirements of the prison regulations, for a total of thirteen days, does not, by itself, indicate an "atypical and significant hardship" under *Sandin*.

Even if Plaintiff could establish a protectable liberty interest in being free from administrative segregation for an additional day (or for thirteen days total) pending a disciplinary hearing, Plaintiff cannot establish that his due process rights were violated. In *Hewitt v. Helms*, 459 U.S. 460 (1983), the Supreme Court found that the mandatory language

7

of Pennsylvania's laws created a liberty interest in remaining free of the restraints of administrative segregation pending a disciplinary hearing. *Id.* at 472[1]  The Supreme Court held that, in such circumstances, minimal due process is required, including a hearing "within a *reasonable time*, taking into account the relatively insubstantial private interest at stake and the traditionally broad discretion of prison officials." *Id.* at n.8 (emphasis added); *accord Childs v. Pellegrin*, 822 F.2d 1382, 1387 (6th Cir. 1987).  Plaintiff's misconduct hearing was held within thirteen days of the misconduct charges; as a matter of law, this is within a reasonable time.  *See Childs*, 822 F.2d at 1387 (hearing that occurred two weeks after segregation does not violate due process); *Wells v. Brown*, No. 90-1809, 1991 WL 43916 at *3 (6th Cir. Apr. 1, 1991) (unpublished) (post-segregation disciplinary hearing that was delayed by thirty-six days does not violate due process); *Sourbeer v. Robinson*, 791 F.2d 1094, 1099-1100 (3d Cir.1986) (under the circumstances, thirty-five days in segregation before a hearing is not an unreasonable delay).  Thus, Plaintiff's claim for lack of due process with respect to his temporary segregation fails to state a claim for which relief can be granted.

With respect to his disciplinary confinement following the misconduct hearing, Plaintiff does not allege any facts suggesting that this disciplinary confinement itself posed an "atypical and significant" hardship, other than the length of the confinement, which

---

[1]This process of reviewing mandatory statutory language to determine the existence of a protectible liberty interest was later rejected by the Supreme Court in *Sandin v. Connor*, 515 U.S. 472 (1995).

Plaintiff alleges lasted for five months and twenty-seven days.  Even if Plaintiff can show that he has a protected liberty interest, he has not alleged any facts indicating a lack of due process.  Disciplinary hearings resulting in loss of good time credits require (1) advance notice of the charges, (2) a hearing and opportunity to present evidence, (3) "a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action," and (4) a finding supported by "some evidence in the record."  *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67).  Plaintiff alleges in the complaint that he received advance notice of the charges and a hearing.  The hearing report indicates that Plaintiff had an opportunity to present evidence and indicates in writing the evidence relied upon by the factfinder and the reasons for the disciplinary action.  Plaintiff provided copies of some of the evidence relied upon by the fact finder, namely the misconduct reports prepared by the Defendants.  Thus, it appears from the complaint and the documents submitted by Plaintiff that the process that Plaintiff received satisfies the due process requirements identified in *Superintendent*.

The core of Plaintiff's complaint is that the misconduct hearing was delayed.  Plaintiff does not allege any procedural deficiency in the misconduct hearing itself other than the fact that it was delayed.  While this delay may be relevant to a claim for due process with respect to Plaintiff's temporary segregation pending the misconduct hearing, the Court cannot discern any connection between the time delay and the disciplinary action that would suggest a lack of due process with respect to the disciplinary action.  Therefore, to the extent that

Plaintiff's complaint alleges violation of due process with respect to his disciplinary confinement, it fails to state a claim for which relief can be granted.

### III.

Plaintiff has also filed a motion to amend his complaint. (Dkt. No. 11.) Plaintiff's motion requests the removal of the Michigan Department of Corrections as a defendant and the addition of the names of other defendants, but does not raise any additional claims or include additional factual allegations. Attached to the motion is a grievance form complaining that Plaintiff was improperly charged with major misconduct. (Dkt. No. 11, Ex. 1.) In Plaintiff's complaint, he alleged that he was "improperly charged" with "major misconducts for violating minor written posted rules." (Compl. 3.) Because section 1983 does not address violations of state law, these allegations of a violation of the prison rules do not in themselves state a claim for relief under 42 U.S.C. § 1983. *Michael v. Ghee*, 498 F.3d 372, 375 (6th Cir. 2007). Because the Court is dismissing Plaintiff's complaint on other grounds, and because Plaintiff's proposed amendments do not address these deficiencies, Plaintiff's motion to amend his complaint is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 10) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. No. 9) is **REJECTED** as the opinion of the Court, but the disposition

10

is **ADOPTED** on alternate grounds.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint (Dkt. No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Dated: <u>December 5, 2008</u>                    <u>/s/ Robert Holmes Bell</u>
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE

11